```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT


EDGAR TORRES,                       :
                                    :
     Plaintiff,                     :
                                    :
v.                                  :   Case No. 3:23-cv-00334(RNC)
                                    :
DANIELLE MASEK, ROBERT WILOCK,      :
CYNTHIA OTERO, MICHELLE             :
PEREIRA, and JOHN DOE,              :
                                    :
Defendants.                         :
```

## RULING AND ORDER

Plaintiff brings this action under 42 U.S.C. § 1983 and state law seeking damages for emotional distress caused by his continued detention as a pretrial detainee in a state criminal case after his bond was reduced by the state court. The third amended complaint ("the complaint") names as defendants two employees of the Clerk's Office of the Connecticut Superior Court for the Judicial District of Fairfield (defendants Otero and Pereira), as well as the Chief Clerk (defendant Wilock) and Deputy Clerk (defendant Masek). In addition to these Clerk's Office defendants, plaintiff also sues an employee of the Connecticut Department of Correction ("DOC") whose identity is unknown (defendant Doe). Two counts are brought under § 1983: count one, entitled "False Imprisonment/unlawful detention/false arrest"; and count six, entitled "MONELL Claims of failure to train, supervise and discipline." Four counts are brought under

1

state law: counts two and three for reckless and negligent infliction of emotional distress, respectively; count four for invasion of privacy; and count five for false imprisonment. The Clerk's Office defendants have moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the federal claims against them. Plaintiff was given an extension of time until March 10 to file a memorandum in opposition but as of today no opposition has been filed. For the reasons stated below, the motion to dismiss is granted.

    The purpose of a Rule 12(b)(6) motion to dismiss is to test whether the complaint adequately alleges the elements of a claim on which some form of relief may be granted by the court. In determining whether a Rule 12(b)(6) motion should be granted, the only facts to be considered are those alleged in the complaint, and the court must accept them, drawing all reasonable inferences in the plaintiff's favor. Doe v. Columbia Univ., 831 F. 3d 46, 48 (2d Cir. 2016). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is plausible if the allegations allow the court to reasonably conclude that the defendant may have engaged in the alleged conduct with the state of mind required for liability.

The complaint alleges the following facts.  Plaintiff was arrested on December 11, 2022.  The police set a bond (or bonds) in the total amount of $20,000.  The next day, the court reduced the total amount of the bond(s) to $9,050.  Defendant Otero prepared the mittimus, which failed to reflect the reduction in the total amount of the bond(s).  "The plaintiff attempted to post bond on several occasions, but the clerk's office did not modify the mittimus reflecting the change in the bond."  Following another court hearing on December 30, defendant Pereira prepared a mittimus that "noted the incorrect bond."  "After [plaintiff's] counsel advised the clerk's office that the plaintiff's bond was incorrectly reflected on the mittimus, the clerk's office modified the mittimus on January 9, 2023.  Although the clerk's office corrected the bail on the mittimus, the Department of Correction and John Doe Defendant held the plaintiff on the incorrect bail until January 27, 2023."

The issue presented by the motion to dismiss is whether the foregoing allegations are sufficient to state a plausible claim that the plaintiff's constitutional rights were violated by either defendant Otero or defendant Pereira.  I conclude that they are not sufficient.

In the Second Circuit, a pretrial detainee who is detained due to an official's intentional violation of, or deliberate indifference to, the individual's right to be released may bring

a § 1983 claim alleging that his continued detention constituted an unreasonable seizure in violation of the Fourth Amendment. See Russo v. City of Bridgeport, 479 F. 3d 196, 208-10 (2d Cir. 2007).  The allegations against Otero and Pereira do not permit a reasonable inference that either of them intentionally violated, or was deliberately indifferent to, plaintiff's right to be released.  At most, the allegations support a reasonable inference that they negligently failed to prepare an accurate mittimus reflecting the reduction in the amount of his bond(s).

Because negligence is insufficient to support an over-detention claim under Russo, the motion to dismiss the § 1983 claim against defendants Otero and Pereira must be granted.  It follows that the motion to dismiss the § 1983 claims against defendants Wilock and Pereira, which are predicated on a theory of supervisory liability, also must be granted.

The state law claims against the Clerk's Office defendants are sufficiently related to the claims against defendant Doe that they form part of the same case or controversy, as required to support an exercise of supplemental jurisdiction.  However, the Clerk's Office defendants have asked me to decline to exercise supplemental jurisdiction over the state law claims against them.  This raises the issue of whether the state law claims against the Clerk's Office defendants should be severed from the claims against defendant Doe.

4

Under 28 U.S.C. § 1367(c)(1), a court may decline to exercise supplemental jurisdiction over claims that raise a novel issue of state law. No Connecticut case has been cited or found concerning the potential tort liability of Clerk's Office personnel for deprivations of liberty arising from preparation of an inaccurate mittimus. It therefore appears that the claims against the Clerk's Office defendants do raise novel issues that might be better suited for adjudication by the state courts.

Accordingly, the motion to dismiss is granted and the § 1983 claims against the Clerk's Office defendants (counts one and six) are dismissed without prejudice. If plaintiff believes he can allege facts sufficient to state a plausible § 1983 claim against one or more of these defendants, he may file an amended complaint on or before April 11, 2025. If no amended complaint is filed, the dismissal of the federal claims against the Clerk's Office defendants will be with prejudice. At that point, the parties will be given a further opportunity to address whether the state law claims against the Clerk's Office defendants should be retained along with the claims against defendant Doe or dismissed without prejudice to refiling in state court.

So ordered this 18th day of March 2025.

                                                /RNC/
                                    Robert N. Chatigny
                            United States District Judge